## CHARPING v. TOXAWAY MILLS.

1. PLEADING—RISKS.—If it be necessary for master to plead assumption by servant of risks usual and incident to employment, it is sufficiently pleaded here by detailing the facts from which it is logically inferred.

2. IBID.—CONTRIBUTORY NEGLIGENCE.—The plea of contributory negligence is sufficiently made if defendant sets out the acts or omissions which he wishes to prove as negligence on the part of the plaintiff, and alleges the manner in which these contributed to his injury in conjunction with any of his own acts or omissions which may be characterized as alleged or supposed acts of negligence. *Scott* v. *Ry.*, 67 S. C., 146, *explained.*

3. IBID.—IBID.—Charge as to contributory negligence excepted to, held to be a correct general statement of the law.
4. MASTER AND SERVANT—RISKS.—The servant is as much charged with knowledge of ordinary risks of service as master.
5. FELLOW-SERVANTS.—The law of fellow-servants is involved in a contention that plaintiff and two fellow-workmen congregated on a scaffold, in disobedience of orders of the master, and thereby caused the scaffold to fall and injure plaintiff.
6. MASTER AND SERVANT—PLACE—APPLIANCES.—Master is required to furnish servant only reasonably safe and suitable place and appliances.
7. WITNESS—CONTRADICTION.—Witness may be contradicted as to assertion that a piece of timber was too small to bear a certain weight by proof that he afterwards .at another place and·time used a piece of timber of same size to bear the same weight.

Before TOWNSEND, J., Anderson, July, 1904.    Affirmed.

Action by J. R. Charping against Toxaway Mill.    From judgment for defendant, plaintiff appeals.

*Messrs. J. F. Rice* and *A. H. Dagnall,* for appellant, cite: *Witness cannot be contradicted by direct testimony on collateral matter:* 16 Ency., 1 ed., 461e; 2 Bail., 473; 33 S. C., 582; 49 S. C., 414; 60 S. C., 169.    *Instructions ignoring material evidence in case should not be given:* 46 S. C., 79; 11 Ency. P. & P., 190, 191.    *As to pleading contributory negligence:* 56 S. C., 95; 67 S. C., 146.    *Assumption of risks must be pleaded:* 66 S. C., 211.    *Instruction which absolves employer from liability unless he knew of danger is error:* 1 Labatt on Master and Servant, 267n, 8, 255; 18 S. C., 281, 274; 34 S. C., 216; 52 S. C., 443; 69 S. C., 101; 66 S. C., 482; 68 S. C., 56; 66 S. C., 217.    *Employer must furnish ·a safe place:* 52 S. C., 444.    *It is for Court to define relation of fellow-servants:* 51 S. C., 96.

*Messrs. J. M. Paget* and *Quattlebaum & Cochran,* contra, cite: *Plaintiff can be contradicted as to use of cross-beams:* 20 Ency., 2 ed., 70; 60 S. C., 169.    *It is not necessary to*

*plead assumption of risks:* 61 S. C., 478; 21 S. C., 546; 51 S. C., 79.   *Servant must know of ordinary risks:* 41 S. C., 392.   *Master is only required to furnish reasonably safe and suitable place and appliances:* 15 S. C., 457; 34 S. C., 214; 60 S. C., 169; 69 S. C., 108; 20 Ency., 2 ed., 54, 55; 111 U. S., 313.

February 14, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff was standing on a scaffold working for defendant as a carpenter.   The cross-beam of the scaffold broke, and the plaintiff was thrown to the ground and injured.   The basis of the action for damages is the alleged failure of the defendant to provide the plaintiff, his employee, a safe place to work.   The verdict was for the defendant.

The plaintiff submits that the Circuit Judge erred in charging on the subject of assumption of risk, because, as he insists, this defense was not set up in the answer.   In the answer, the defendant first denies the negligence alleged against it in the complaint, and then, in the fourth paragraph, alleges that the accident was due to the plaintiff's disobedience of the orders of defendant's foreman, in that he and J. T. Snow, his fellow-servant, were working together, one laying and the other nailing shingles, and that while doing so they met another workman who was shingling on the other end of the building, thus imposing the weight of three men on the scaffold at one point; whereas, the defendant's foreman had expressly forbidden the plaintiff to work in this way, and had ordered each workman to lay and nail his own shingles; and that the scaffold was built in such manner and of such material as to bear any weight put upon it in compliance with the orders of the foreman.   In the fifth paragraph it is further alleged plaintiff, when doing the work knew or ought to have known, the kind of material used in making the scaffold.   These

allegations mean, in short, that defendant .assumed all the risks ordinarily incident to the occupation of a carpenter putting on shingles while standing on a scaffold, the nature of which was patent and obvious, and known to plaintiff, and which was safe and sufficient to support him in discharging the duty required of him. This was manifestly a sufficient plea of assumption of risk, even if it be considered necessary in an action by a servant against his master to allege the assumption by the servant of the usual risks incident to his employment. *Bodie* v. *R. R. Co.,* 61 S. C., 478, 39 S. E., 715; *Barksdale* v. *R. R. Co.,* 66 S. C., 204, 44 S. E., 743. The Circuit Judge was, therefore, not in error in instructing the jury as to the law of assumption of risk. The fourth, fifth and sixth exceptions, therefore, cannot be sustained.

The plaintiff next insists there was no plea of contributory negligence, and, therefore, the Circuit Judge erred in charging on that subject. The fifth paragraph of the answer, after setting forth the facts above narrated, indicating that the plaintiff assumed the ordinary risks of the work in which he was engaged, alleges that he "carelessly and negligently placed himself directly over one of the cross-beams, whose size and strength he well knew, where a package of shingles had been previously placed and two men were already standing, and in direct disobedience of orders of defendant's foreman, who had ordered that all of said men work singly and alone; which would have distributed the weight on said scaffold, which was some thirty feet in length, and by negligently and carelessly congregating with other workmen directly over said cross-beam, where the additional weight of shingles had been placed, of which plaintiff was well aware, and in direct disobedience of orders of defendant's foreman, plaintiff caused the cross-beam to break, which was of sound material and of size and strength ordinarily used for such purposes, and of sufficient size and strength to bear any weight put on same in compliance with

orders of defendant's foreman, and thereby contributed to his own injury, if he received any." The question is whether this allegation of negligence on the part of the plaintiff as contributing to the injury is insufficient to raise the issue of contributory negligence, because not accompanied by an express admission or averment by the defendant that it was also negligent. Such an admission was said to be necessary in *Scott* v. *Ry. Co.,* 67 S. C., 146; but the majority of the Court concurred only in the result in that case, and the holding that the plea was not sufficiently made was sound, aside from the question here involved, because there contributory negligence was only stated as a conclusion of law without any allegation of the facts constituting the negligence charged. 5 Ency. P. & P., 12. The question here made is, therefore, an open one in this State. The following is the definition of contributory negligence accepted by this Court as the most satisfactory: "Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred." *Cooper* v. *Ry. Co.,* 56 S. C., 91, 95, 34 S. E., 16. This definition imports that there must be negligence of the defendant operating with that of the plaintiff to produce the injury, and that if the plaintiff is entirely at fault, one of the elements of the definition, the negligence of the defendant, is wanting. It was held, nevertheless, in *Milean* v. *Ry. Co.,* 54 S. C., 485, 32 S. E., 539, the defense of contributory negligence may be pleaded in an answer which also sets up a general denial of all negligence on the part of the defendant, because any number of inconsistent defenses may be set up in the same pleading. *Cohrs* v. *Fraser,* 5 S. C., 351; Code of Civil Procedure, sec. 171. It has been held further; that where the defendant pleads a general denial and a further defense by way of confession and avoidance, the admissions of the latter

cannot be used by the plaintiff to establish the issues raised by the general denial. *Stanley* v. *Shoolbred,* 25 S. C., 181; *Gilreath* v. *Furman,* 57 S. C., 293, 35 S. E., 516. It does not follow from all this, however, when the defendant does not believe the injury due to any negligence of his, and so denies all negligence on his part, that, in order to have the benefit of the plea of contributory negligence, he must in the same answer stultify himself by the unqualified assertion that he was negligent, as alleged by the plaintiffs; and when verification is necessary, swear to both statements. Such a conclusion would certainly be most repulsive.

It is true, that facts relied on as a defense must be alleged in issuable form, and not set forth as contingent or hypothetical statements. 6 Ency. P. & P., 270; Pom. Code Rem. (4th ed.), 601, note. But even under the technical pleading of the common law, it was proper to plead the general issue, and in the second place, setting up a defense inconsistent with a general denial, such, for example, as the statute of limitations, refer to the promises set up by the plaintiff as "the several supposed promises or undertakings, in the said declaration mentioned, if any such were or was made," etc. 3 Chitty on Pleadings, 908 and 956. A similar form of qualified expression is admissible in like cases under the Code of Procedure. Bliss on Code Pleading, secs. 340-341; *The State ex rel. Van Wyck* v. *Norris,* 15 S. C., 256.

While the statute of limitations, discharge in bankruptcy, laches and estoppel, are all in the nature of pleas of confession and avoidance, yet they may all be set up in an answer which contains a general denial, without a specific assertion that the right alleged to be lost once existed. So, also, the plea of contributory negligence is sufficiently made, if the defendant sets out the acts or omissions which he wishes to prove as negligence on the part of the plaintiff, and alleges the manner in which these contributed to his injury, in conjunction with any of his own acts or omissions. Such acts of his he may characterize as alleged or supposed acts of

negligence, without specific admission of negligence. Here the principal negligence alleged by the plaintiff was that defendant furnished a cross-beam too weak to support the weight imposed upon it in the course of his work. The defendant impliedly admitted it was too weak to support the weight actually imposed, and, upon the supposition that it was too weak, as plaintiff had charged, alleged the plaintiff contributed to the injury by joining with other workmen in imposing a greater weight than it was intended to bear. The facts relied on to support this defense were set out in full. This brings the answer within the rule above stated, as a good statement of the defense of contributory negligence. If in any respect the plaintiff regarded the statement of the plea defective, he should have demurred, or moved to make the pleading more definite and certain.

The plaintiff further contends that when the Circuit Judge undertook to say anything on the subject of contributory negligence, he should have charged the whole law. The charge was as follows: "If the jury finds that the defendant was negligent, but also find that the plaintiff was negligent, and that the negligence of the plaintiff contributed as a proximate cause to the injury, then he cannot recover for the injury." This was a correct general statement of the law, and if definition of terms or other enlargement was desired, it should have been requested. This disposes of the third exception, relating to the plea of contributory negligence and the charge on that subject.

The second exception was taken under a misapprehension, for the Circuit Judge did, at the request of the plaintiff, charge on the subject of waiver by the defendant of rules intended to control plaintiff and other employees.

There is no doubt that the master is liable when injury comes to a servant from being put in a place, or furnished with appliances which the master, by the use of reasonable diligence, ought to have known to be unsafe; as well as when he had actual knowledge of the defects. If, therefore, the portion of the charge complained of in

the seventh exception had referred specifically to the place and appliances of labor, it would have been incorrect as an abstract proposition, because it indicated the master would be liable only when he had actual knowledge of the danger. It did not, however, refer to these subjects, but, on the contrary, to the ordinary risks of the service; and with knowledge of such risks the servant is as much charged as the master. But, aside from this, there was really no question in the case as to any danger the master ought to have known, but did not actually know, for the plaintiff testified that the scaffold fell when three men met in their work at one place, and the answer practically admitted the defendant knew it would be unsafe when so used.

The contention of plaintiff that the law of fellow-servant was not involved in this case cannot be sustained, because, as just indicated, a vital question was whether the accident did or did not result from the negligent action of the plaintiff and his two fellow-servants in standing together at one place on the scaffold, in disobedience of the master's orders. If the plaintiff wished greater elaboration on this subjct, he should have requested it. The tenth exception is, therefore, not well taken.

The plaintiff requested the Circuit Judge to charge that the master is bound to furnish his servant safe and suitable appliances, and a safe place to work. The request was charged with the modification that it was not required that the place and appliances should be absolutely safe and suitable, but reasonably safe and suitable. The correctness of the proposition with the modification is well established. *Gunter* v. *Graniteville Mfg. Co.,* 15 S. C., 457. The rule contended for in the eighth and ninth exceptions is without support.

It remains to consider the first exception, in which it is charged the Circuit Judge erred "in permitting and allowing,

over the objection of plaintiff's attorneys, defendant's witnesses, McLean and Lawton, to contradict the plaintiff on a collateral and irrelevant matter, brought out by defendant's attorneys, by testifying that plaintiff had worked at the Orr Mill, subsequent to the injuries complained of, on a scaffold which the plaintiff had erected, of which the cross-beams were one by three's." The testimony was clearly admissible, because it tended to contradict the plaintiff's statement that the cross-beams were of insufficient size by showing that, after this accident. he had himself voluntarily. used cross-beams of the same size on a scaffold built for his own use, thus indicating that he regarded them safe. *Lowrimore* v. *Manufacturing Co.,* 60 S. C., 154, 38 S. E., 430.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.