## WINGO v. INMAN MILLS.

1. MASTER AND SERVANT—PUNITIVE DAMAGES.—That a master erected a scaffold for a carpenter to work on which he thought safe, but from which the carpenter fell by reason of his wrench slipping, and part of scaffold giving way, will not support punitive damages.

2. PLEADING CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISKS.— Where plaintiff has notice of the plea of contributory negligence and assumption of risks and both sides introduce evidence on a defective plea of the issues without objection, a new trial will not be granted on the mere technicality of defective plea unless it is shown to have impaired substantial rights.

Before PRINCE, J., Spartanburg.  Affirmed.

Action of W. P. Wingo against Inman Mills.  From judgment of nonsuit, plaintiff appeals.

*Messrs. Evans* and *Finley,* for appellant.  *Mr. Evans* cites: *It is duty of master to furnish safe place:* 69 N. E., 12; 76 S. W., 520; 69 S. C., 101; 40 S. C., 104; 52 S. C., 445; 60 S. C., 18; 54 S. C., 498; 72 S. C., 263; 73 S. C., 268; 65 S. C., 444, 104; 72 S. C., 351; 37 S. C., 199; 35 S. C., 486. 493; 74 S. C., 391.  *Cases where nonsuit was improper:* 65 S. C., 128; 35 S. C., 493; 74 S. C., 102, 322.

*Messrs. Sanders* and *DePass,* contra.

April 15, 1907.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiff sues to recover damages for personal injuries caused by a fall from a scaffold in defendant's mill.  The complaint alleges, that in order to have some work done on overhead pipes, the defendant had built a scaffold which was crudely and improperly constructed, and too low to enable workmen standing on it to reach the pipes; that to make the structure high enough the defendant placed boxes on top of the scaffold, that the defendant, through Sewell, its master mechanic and representative, ordered plaintiff, a carpenter in its employment, to stand on the structure and to do the work on the overhead pipes; that plaintiff complied with the order, having confidence in the defendant and relying on its duty and ability to furnish a suitable and safe place to work; that while so employed the scaffold and superstructure slipped from under the plaintiff causing him to fall; that the fall and consequent injuries were due to the wilful, wanton, reckless and negligent failure of defendant to provide a safe and suitable place to work.  The defendant admitted that the plaintiff was in-

jured while in its employment. The other allegations of the answer are as follows: "That the defendant denies each and every allegation of the complaint which alleges any negligence or wrong doing on its part.

"For a defense, the defendant says, that at the time of the injury the plaintiff was at work upon a scaffold in the defendant's mills, and that he fell from said scaffold either through an unavoidable accident, or else from the carelessness or negligence of the plaintiff himself in the way he acted, managed and demeaned himself on said occasion, and that the injuries which came to plaintiff came to him either from unavoidable accident, or else on account of his own carelessness and negligence, which carelessness and negligence, caused or contributed to the injuries about which he is now complaining.

"And defendant further alleges that plaintiff assumed all of the risks incident to the work at which he was engaged."

The Circuit Judge ordered a nonsuit as to the alleged cause of action for punitive damages, holding there was no evidence of wilfulness, wantonness, or recklessness. The plaintiff alleges in this he committed an error.

The testimony of the plaintiff himself tends to show that Sewell, the master mechanic, honestly thought the structure safe for the work; and that the plaintiff would not have fallen but for the slipping of his wrench from the bolt he was attempting to tighten. At the worst, it was nothing more than bad judgment on the part of Sewell to think the structure safe, and the evidence shows there was reasonable ground for difference of opinion on the subject. There is not a particle of evidence that Sewell's mind adverted to a duty to the plaintiff which he refused to perform. There was, therefore, no error in granting the the nonsuit as to punitive damages.

The verdict was for the defendant on the issue of negligence. The second and third exceptions assign error in the submission to the jury of the defenses of contributory negli-

gence and assumption of risk. The plaintiff's position was that these defenses were not pleaded and there was no evidence to support either of them. A plea of contributory negligence or assumption of risks is defective which does not set out the act or acts which contributed to the injury as a proximate cause or constituted the assumption of risk. *Scott* v. *Railway,* 67 S. C., 146, 45 S. E., 129; *Charping* v. *Toxaway,* 70 S. C., 470, 50 S. E., 186; 5 Ency. P. & P., 12. A defective plea, however, will be taken as good if it gives notice of the issue which the pleader wishes to tender, unless the opposite party moves to make it more definite and certain. This was the rule laid down as to the statement of negligence as a cause of action in *Spires* v. *Railway,* 47 S. C., 30, 24 S. E., 992; and *Johnson* v. *Railway,* 53 S. C., 203, 31 S. E., 212. We think no reason can be given why the same rule should not apply in the statement of the defenses of contributory negligence and assumption of risk as a defense. There is nothing in *Charping* v. *Toxaway Mills, supra,* or in *Montgomery* v. *Railway,* 73 S. C., 504. 53 S. E., 987, opposed to this view.

In this case the pleas were no doubt defective, but the plaintiff had notice of the defenses relied on, and both sides introduced their evidence bearing on them without objection and without respect to any defects in the pleas. The plaintiff has had a full hearing on all the issues and cannot now have a new trial on a technical defect in the pleading which worked no surprise. The Court will not grant new trials on technicalities unless they are shown to impair substantive rights.

There was evidence to which the charge on the law of contributory negligence and assumption of risks was applicable; and the assignment of error in this respect was without foundation. Evidence was introduced on the part of the defendant that no part of the structure on which plaintiff was standing moved at all, and the fall was due entirely to the slipping of the wrench from the bolt which plaintiff was tightening. Under these facts an issue arose as to

whether the plaintiff was guilty of contributory negligence in not anticipating the probability of the wrench slipping and taking such a physical attitude that he would not be thrown off his balance. There was evidence that the plaintiff considered the structure from which he fell unsafe when he mounted it, and it was for the jury to say whether he assumed the risk.

The exceptions alleging error in the Circuit Judge refusing to charge as to the duty of the master to provide reasonably safe and suitable appliances, and the right of the servant to assume the master has performed this duty, were taken under a misapprehension, as the charge was full and explicit on this point.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.