6858

## OGILVIE v. CONWAY LUMBER CO.

1. PLEADINGS—ASSUMPTION OF RISKS.—Plea in this case relied on to raise issue of assumption of risks by stating facts upon which it rests, *held* to raise issue of contributory negligence. But where these facts relate both to contributory negligence and assumption of risks, the defendant got the full benefit thereof by the charge on contributory negligence.

2. NEW TRIAL.—Refusal of motion for new trial made on ground: (1) damages were excessive, (2) weight of evidence is against verdict, (3) only inference from evidence is that injury was caused by negligence of plaintiff, affirmed.

Before PRINCE, J., Horry, Summer Term, 1907. Affirmed.

Action by Thomas Daggett Ogilvie against Conway Lumber Company. From judgment for plaintiff, defendant appeals.

*Mr. Robt. B. Scarborough,* for appellant, cites: *Assumption of risks was sufficiently pleaded:* 70 S. C., 470; 61 S. C., 478; 66 S. C., 204; 75 S. C., 68. *When action is for exemplary damages alone actual damages cannot be recovered:* 14 S. E., 943, 947; 37 S. C., 194.

*Messrs. G. T. Graham and H. H. Woodward,* contra, cite: *Assumption of risks should be pleaded:* 73 S. C., 503. *It is duty of master to warn inexperienced servant of hidden danger:* 20 Ency., 97, 100, 122.

April 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff, a minor, sustained personal injuries while operating a trim or butt saw in the employ of the defendant company in its lumber mill at Conway, Horry County, on November 12, 1904, and brought

this action for damages, alleging that the said injury was
the result of defendant's negligent and wilful conduct in
using an old, worn and defective rope to hold the saw in
position and prevent it from coming in contact with the
operator; in failing to provide proper guards thereto; in so
piling up lumber on the floor about the saw as to compel the
plaintiff to stand in front of the saw while operating the
same, and in requiring plaintiff, an inexperienced boy of
seventeen years, to operate said saw.

The suit resulted in a verdict and judgment in favor of
plaintiff for $1,500, from which defendant appeals on excep-
tions raising two questions:

1. Whether there was error in refusing defendant's
request to charge on the matter of assumption of risk.
These requests were declined on the ground that assumption
of risk had not been pleaded, under the authority of
_Montgomery_ v. _R. R. Co.,_ 73 S. C., 503, 53 S. E.,
987, which holds that assumption of risk by an
employee is an affirmative defense and must be pleaded to
be available. In that case the answer was a general denial.
The appellant, however, contends that the answer in this case
did set up the plea of assumption of risk by alleging facts
which constitute such defense within the rule stated in
_Charping_ v. _Toxaway Mills,_ 70 S. C., 470, 50 S. E., 186.
On examining the pleadings in the case at bar we find
that the fourth allegation in the complaint as to plaintiff's
employment by defendant, and the fifth allegation as to
injury in the course of such employment were expressly
denied. Up to this point the rule in Montgomery's case
strictly applied. The answer further alleges:

"That plaintiff had been fully apprised by the defendant
of the dangers attendant upon the operation of the said
saw, and cautioned and commanded to be careful and pru-
dent in the use of same. That the plaintiff undertook to
operate the said saw of his own volition; was required to
see that the same was in good order, and if any defect

therein existed it was his duty to report the same to this defendant. That if such defect existed it could have been ascertained by plaintiff, but for his disobedience to orders, carelessness and negligence, and he is guilty of contributory negligence therein."

This allegation was manifestly intended to set up the plea of contributory negligence, and the pleader can not complain if the Circuit Court so construed it. In so far as any fact stated above may relate both to the matter of contributory negligence and assumption of risk the defendant got the benefit thereof under the full and clear instructions given by the Court as to contributory negligence.

2. The exception to the refusal of the motion for new trial can not be sustained. Subdivision "f" of this exception alleges that the verdict for actual damages was excessive. We have no power to correct the verdict on this ground, it not appearing that the verdict is so excessive as to warrant an inference that it was the result of arbitrariness, capriciousness or improper motives on the part of the jury. There was testimony that the plaintiff received a serious and painful wound in the groin, confining him to his bed for a month and preventing him from work for a year and a half. Subdivisions "c," "d" and "e" of this exception relate to the weight of and sufficiency of the testimony, and do not present any question of law for review. Subdivisions "a" and "b" of this exception raise the question that the only inference of which the testimony is susceptible is that plaintiff's injury was the result of his own negligence in standing in front of the cut-off saw, a dangerous place, instead of standing on one side thereof, a safe place. There was some evidence tending to show that defendant had piled the lumber so close on the sides of the place where the saw operated as to make it necessary for plaintiff to operate the saw from the front; that this was a safe place if the rope attachment was sound.

The cut-off saw moved with the machinery, and when not

in use was held near the wall out of the way of the operator by means of a rope, one end of which was attached to the saw frame, the rope running through an opening in the wall and having a weight attached to the other end, suspended outside the house, sufficient to draw the saw to the wall when released by the operator.   When the operator wished to use the saw he would pull the saw frame down over the bench and, with his hands, hold the saw in place during the operation of sawing.   There was testimony that this rope was old, worn and defective, a fact not known to the plaintiff, and that on this occasion it suddenly broke, thereby letting the saw drop against the plaintiff and cut him.

There was, we think, sufficient testimony to send the case to the jury, both on the question of defendant's negligence and plaintiff's contributory negligence, and, therefore, it was not error of law to refuse a new trial.

The judgment of the Circuit Court is affirmed.